UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SAMUEL STICKELL, Individually and on behalf of all others similarly situated, | § § § § § Civil Action No. _____ § § § JURY TRIAL DEMANDED § § COLLECTIVE ACTION § PURSUANT TO 29 U.S.C. § 216(b) § |
| Plaintiff, | |
| v. | |
| TIM ABLES TRUCKING COMPANY, LLC | |
| Defendant. | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Samuel Stickell brings this action individually and on behalf of all others similarly situated ("Plaintiff and the Putative Class Members") who worked for Tim Ables Trucking Company, LLC ("Defendant" or "Tim Ables"), at any time during the past three years through the final disposition of this matter, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

### I.
### OVERVIEW

1. This lawsuit to recover overtime wages includes a collective action brought pursuant to the FLSA, 29 U.S.C. §§ 201–19.

2. Plaintiff and the Putative Class Members are those persons who worked for Tim Ables and were paid by the hour but were not paid any overtime compensation for all hours worked over forty (40) in each workweek.

3. Tim Ables improperly classified Plaintiff and the Putative Class Members as independent contractors.

4. The FLSA requires that all non-exempt employees receive compensation for all time spent working on their employer's behalf and time and one-half for all hours worked over forty (40) in a regular workweek.

5. Plaintiff and the Putative Class Members routinely worked (and work) in excess of forty (40) hours per workweek.

6. Plaintiff and the Putative Class Members were not paid overtime at the required rate of at least one and one half times their regular rates for all hours worked in excess of forty (40) hours each workweek.

7. Tim Ables knowingly and deliberately failed to fully compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty (40) hours each week.

8. Plaintiff and the Putative Class Members did not (and do not) perform work that meets the definition of exempt work under the FLSA.

9. Plaintiff and the Putative Class Members seek to recover all unpaid back wages, overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

10. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this collective action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## PARTIES

11. Plaintiff Samuel Stickell ("Stickell") worked for Tim Ables during the relevant time period. Plaintiff Stickell did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The Putative Class Members are those current and former workers who were employed by Tim Ables in the past three years and have been subjected to the same illegal pay system under which Plaintiff Stickell worked and was paid.

13. Tim Ables Trucking Company, LLC ("Tim Ables Trucking") is a Texas limited liability company and may be served through its registered agent for services of process: **Ross A. Skolnick, 1504 Colony Circle, Longview, Texas 75604**.

## III.
## JURISDICTION & VENUE

14. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

15. This Court has personal jurisdiction over Tim Ables because the cause of action arose within this District as a result of Tim Ables' conduct within this District.

16. Venue is proper in the Eastern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

17. Specifically, Tim Ables maintains a working presence throughout East Texas and Plaintiff Stickell worked for Tim Ables in East Texas, all of which are in this District and Division.

18. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

---

[1] The written consent of Samuel Stickell is attached hereto as Exhibit "A."

# V.
# FACTS

19. Tim Ables Trucking Company, LLC was established in 1988 and provides, among other things, frac sand and cement transportation services to the oil and gas industry throughout the State of Texas and New Mexico.[2]

20. To provide its services, Tim Ables employed (and continues to employ) numerous hourly paid workers—including Plaintiff and the individuals that make up the putative class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work in the oilfield.

21. Plaintiff Stickell worked for Tim Ables as a Sand Coordinator from approximately May 2017 until August 2018.

22. As a Sand Coordinator, Plaintiff Stickell was tasked with ensuring the required frac sand was unloaded from the delivery trucks and then loaded into the blender for use as a proppant.

23. Specifically, Plaintiff assisted in getting trucks into position, inspected the sand that had been delivered, and hooked up hoses to the trucks that delivered the sand.

24. Sand is a critical part of the hydraulic fracturing process.

25. Once sand is unloaded into the blender, it is then used in the well. As such, Sand Coordinators are an integral part of the hydraulic fracturing crew.

26. Tim Ables paid Plaintiff and the Putative Class Members a straight hourly wage for all hours worked.

27. Specifically, Plaintiff Stickell was paid $40.00 per hour worked but did not receive overtime compensation at the required rate of time and one-half for all hours worked over forty (40) each week.

---

[2] https://www.timablestrucking.com.

28. Although it is well-known that blue-collar oilfield workers like Plaintiff and the Putative Class Members are **_not exempt_** from overtime, Tim Ables did not pay Plaintiff and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

29. Plaintiff and the Putative Class Members' primary job duties included performing daily checklists, assisting with the preparation of equipment, and performing other oilfield related functions on various job sites.

30. Upon information and belief, Plaintiff and the Putative Class Members would conduct their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by Tim Ables and/or its clients.

31. Upon further information and belief, Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Tim Ables and/or its clients.

32. Virtually every job function was pre-determined by Tim Ables and/or its clients, including the tools to use at a job site, the schedule of work, and related work duties.

33. Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

34. Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

35. Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual and routine labor in the oilfield.

36. Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

37. Tim Ables determined the hours Plaintiff and the Putative Class Members worked.

38. Tim Ables set Plaintiff and the Putative Class Members' pay and controlled the number of hours they worked.

39. Tim Ables set all employment-related policies applicable to Plaintiff and the Putative Class Members.

40. Tim Ables maintained control over pricing and marketing.

41. Tim Ables also chose equipment and product suppliers.

42. Tim Ables owned or controlled the equipment and supplies that Plaintiff and the Putative Class Members used to perform their work.

43. Tim Ables had the power to hire and fire Plaintiff and the Putative Class Members.

44. Tim Ables made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members an hourly wage with no overtime pay.

45. Plaintiff and the Putative Class Members did not employ their own workers.

46. Plaintiff and the Putative Class Members worked exclusively for Tim Ables on a permanent full-time basis.

47. Tim Ables, instead of Plaintiff and the Putative Class Members, paid operating expenses like rent, payroll, marketing, insurance, and bills.

48. Plaintiff and the Putative Class Members relied on Tim Ables for their work. Plaintiff and the Putative Class Members did not market any business or services of their own. Instead, Plaintiff and the Putative Class Members worked the hours assigned by Tim Ables, performed duties assigned by Tim Ables, worked on projects assigned by Tim Ables, and worked for the benefit of Tim Ables and its customers.

49. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own. Rather, Plaintiff and the Putative Class Members' only earning opportunity was based on the number of hours they were allowed to work, which was controlled by Tim Ables and/or its customers.

50. Tim Ables improperly classified Plaintiff and the Putative Class Members as independent contractors. The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves. Instead, they were economically dependent upon Tim Ables for their work.

51. Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

52. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

53. Tim Ables denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

54. Tim Ables applied this pay practice despite clear and controlling law that states that the manual labor/technical, routine duties which were performed by Plaintiff and the Putative Class Members consisted of **_non-exempt_** work.

55. Accordingly, Tim Ables' pay policies and practices blatantly violated (and continue to violate) the FLSA.

## V.
## CAUSES OF ACTION

**A.     FLSA COVERAGE**

56. All previous paragraphs are incorporated as though fully set forth herein.

57. The FLSA Collective is defined as:

**ALL HOURLY WORKERS WHO WORKED FOR TIM ABLES TRUCKING COMPANY, LLC, AT ANY TIME FROM AUGUST 9, 2015 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND DID NOT RECEIVE OVERTIME FOR HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

58. At all times hereinafter mentioned, Tim Ables has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

59. At all times hereinafter mentioned, Tim Ables has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

60. At all times hereinafter mentioned, Tim Ables has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

61. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Tim Ables, these individuals provided services for Tim Ables that involved interstate commerce for purposes of the FLSA.

62. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

63. Specifically, Plaintiff and the FLSA Collective Members are (or were) **non-exempt** employees who worked for Tim Ables and were engaged in oilfield services that were directly essential to the production of goods for Tim Ables and related oil and gas companies. 29 U.S.C. § 203(j).

64. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

65. In violating the FLSA, Tim Ables acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

66. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 57.

67. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Tim Ables.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

68. All previous paragraphs are incorporated as though fully set forth herein.

69. Tim Ables violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

70. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Tierra's acts or omissions as described herein; though Tim Ables is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

71. Moreover, Tim Ables knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

72. Tim Ables knew or should have known its pay practices were in violation of the FLSA.

73. Tim Ables is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

74. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Tim Ables to pay overtime in accordance with the law.

75. The decision and practice by Tim Ables to not pay overtime was neither reasonable nor in good faith.

76. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.  FLSA COLLECTIVE ACTION ALLEGATIONS**

77. All previous paragraphs are incorporated as though fully set forth herein.

78. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

79. Other similarly situated employees have been victimized by Tim Ables' patterns, practices, and policies, which are in willful violation of the FLSA.

80. The FLSA Collective Members are defined in Paragraph 57.

81. Tim Ables' failure to pay any overtime compensation results from generally applicable policies and practices and does not depend on the personal circumstances of the individual FLSA Collective Members.

82. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

83. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

84. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

85. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar oilfield workers entitled to overtime after forty (40) hours in a week.

86. Tim Ables employed a substantial number of similarly situated workers since August 9, 2015. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

87. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Tim Ables will retain the proceeds of its rampant violations.

88. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

89. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 57 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

90. Plaintiff respectfully prays for judgment against Tim Ables as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 57 and requiring Tim Ables to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding Tim Ables liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

e. For an Order awarding the costs and expenses of this action;

f. For an Order awarding attorneys' fees;

g. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order awarding Plaintiff Stickell a service award as permitted by law;

i. For an Order compelling the accounting of the books and records of Tim Ables, at Tim Ables' own expense; and

j. For an Order granting such other and further relief as may be necessary and appropriate.

Date: August 9, 2018                                        Respectfully submitted,

                                                **ANDERSON ALEXANDER, PLLC**

By:     */s/ Clif Alexander*
        **Clif Alexander**
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Lauren E. Braddy**
        Texas Bar No. 24071993
        lauren@a2xlaw.com
        **Alan Clifton Gordon**
        Texas Bar No. 00793838
        cgordon@a2xlaw.com
        **Carter T. Hastings**
        Texas Bar No. 24101879
        carter@a2xlaw.com
        **George Schimmel**
        Texas Bar No. 24033039
        geordie@a2xlaw.com
        819 N. Upper Broadway
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

        **HOMMEL LAW FIRM**

By:     */s/ William S. Hommel, Jr.*
        **William S. Hommel, Jr.**
        Texas Bar No. 09934250
        bhommel@hommelfirm.com
        1404 Rice Road, Suite 200
        Tyler, TX 75703
        Telephone: (903) 596-7100
        Facsimile: (469) 533-1618

        ***Attorneys for Plaintiff and the Putative Class Members***